UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDNA LITTLE | CIVIL ACTION |
| VERSUS | NO. 09-3284 |
| AMF BOWLING CENTERS, INC.<br>  d/b/a AMF ALL STAR LANES | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is the motion for summary judgment filed by Defendant, AMF Bowling Centers, Inc. (Rec. Doc. 14). Although previously scheduled for oral argument on Tuesday, March 2, 2010, the Court, after carefully reviewing the parties' written submissions *and* the video footage submitted by Defendant, has determined that oral argument regarding the motion is not necessary. Accordingly, **IT IS ORDERED** that the March 2, 2010 hearing is **CANCELLED**. As stated below, **IT FURTHER ORDERED** that the motion for summary judgment is **DENIED.**

## LAW AND ANALYSIS

### I.    Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

1

and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th

Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.     Application**

Plaintiff's claims arise from the broken wrist she suffered when she fell while bowling at AMF All Star Lanes, in Kenner, Louisiana, on July 19, 2009. In seeking summary judgment, Defendant contends that Plaintiff cannot satisfy her evidentiary burden relative to demonstrating that she fell because moisture on the bottom of her shoe caused her foot to "stick" as she bowled.

3

Defendant also maintains that Plaintiff cannot prove that her bowling shoe became damp when she walked across carpet that was wet because a basin in a utility closet located near the women's restroom had overflowed. Specifically, Defendant maintains that the basin did not overflow until approximately 19 minutes after Plaintiff's accident.

Drawing all reasonable inferences in Plaintiff's favor, as Rule 56 requires, the Court finds that, on the showing made, genuine issues of material fact preclude summary judgment in Defendant's favor. Upon hearing the testimony of Plaintiff, the other bowlers, and even Defendant's manager, Nancy Obenauer, a reasonable juror could agree that Plaintiff's fall resulted from her left foot "sticking" because of moisture on the sole of her shoe. Similarly, although the wet carpet near the women's restroom was not discovered and reported to Defendant's employees until shortly *after* Plaintiff's accident, a reasonable juror could conclude that the basin overflow more probably than not started and made the dark carpet slightly, albeit unnoticeably, damp *before* Plaintiff's accident. Under these circumstances, the Court must deny Defendant's summary request that Plaintiff's claims be dismissed.

New Orleans, Louisiana, this 1st day of March 2010.

**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy**:
Magistrate Judge Knowles

4